IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Van Schaik, et al., ) | No. CV-09-1128-PHX-ROS |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Target Stores, Inc., a Minnesota Corporation, et al., ) | |
| Defendants. ) | |

Defendants removed this case from the Maricopa County Superior Court based on the alleged diversity of citizenship of the parties. Plaintiffs now move to have the case remanded, arguing that complete diversity does not exist. For the following reasons, the motion will be granted.

**BACKGROUND**

Plaintiffs are the surviving husband and children of Carolyn Van Schaik. According to the complaint, Ms. Van Schaik took medication manufactured by Defendants Ethex Corporation and K-V Pharmaceutical Company. The medication was distributed by Defendant Target Stores, Inc. Defendants Julie Cole and Tina Do-Tringh were the pharmacists at the retail location where Ms. Van Schaik obtained the medication. Plaintiffs filed a seven-count complaint against Defendants.

According to the Notice of Removal, all Plaintiffs are citizens of Arizona, Defendant Target Stores is a Minnesota corporation, and Defendants Ethex Corporation and K-V Pharmaceutical Company have their principal offices in Missouri. Defendants Julie Cole and Tina Do-Tringh are citizens of Arizona but Defendants allege these Defendants were "fraudulently joined because plaintiffs have failed to state a cause of action against them and that failure is clear under applicable law." (Doc. 1 at 4). Plaintiffs now move for remand, arguing that the presence of Defendants Cole and Tringh defeats diversity jurisdiction.

## ANALYSIS

Pursuant to 28 U.S.C. § 1332(2), "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 2009 WL 3068161, at *3 (9th Cir. Sept. 28, 2009). One exception to the requirement of complete diversity of citizenship "is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). Fraudulent joinder exists "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). "[T]here is a general presumption against fraudulent joinder" and the burden is on Defendants to prove fraudulent joinder by "clear and convincing evidence." *Hamilton*, 494 F.3d at 1206.

The complaint contains two causes of action against Defendants Cole and Tringh: negligence and failure to warn.[1]  Arizona recognizes that pharmacists owe a duty of reasonable care to their customers. *Lasley v. Shrake's Country Club Pharmacy, Inc.*, 880

---

[1] Defendants argue that Plaintiffs agreed to the dismissal of the failure to warn cause of action. (Doc. 36 at 3). This is not accurate. Defendants Ethex Corporation and K-V Pharmaceutical Company moved to dismiss the implied warranty claim. (Doc. 17). Plaintiffs filed a notice of non-opposition. (Doc. 31). That notice makes no mention of the failure to warn cause of action. Thus, the failure to warn cause of action remains in place. Defendants' confusion appears to result from the implied warranty claim being labeled "Count VI" and the failure to warn claim being labeled "Count IV."

1  P.2d 1129, 1132 (Ariz. Ct. App. 1994). Plaintiffs allege that the conduct by Defendants Cole
2  and Tringh breached the standard of care established pursuant to that duty by failing to
3  "properly warn and instruct." (Doc. 1 at 21). These allegations are sufficient to state of
4  cause of action under Arizona law. Thus, Defendants have not proven by clear and
5  convincing evidence that Defendants Cole and Tringh were fraudulently joined. Diversity
6  jurisdiction does not exist and this case must be remanded.

Accordingly,

**IT IS ORDERED** the Motion to Remand (Doc. 29) is **GRANTED**. The Clerk shall remand this matter to Maricopa County Superior Court and close this case.

DATED this 22nd day of October, 2009.

_____
Roslyn O. Silver
United States District Judge